907 F.2d 34
 RYDER TRUCK RENTAL, INC., f/k/a Saunders Leasing System,
Incorporated, a/k/a Saunders System,
Incorporation, Plaintiff-Appellee,
v.
UTF CARRIERS, INC.; National Union Fire Insurance Company
of Pittsburgh, Pa., Defendants-Appellants,
and
Andrew L. Johnson; Liberty Mutual Insurance Co., Defendants.
 No. 89-1551.
 United States Court of Appeals,
Fourth Circuit.
 Argued April 4, 1990.
Decided June 26, 1990.
 
 Elizabeth Parker Coughter, Michie, Hamlett, Lowry, Rasmussen & Tweel, P.C., Charlottesville, Va., for defendants-appellants.
 Eric Scott Jensen, Sr., Sands, Anderson, Marks & Miller, Richmond, Va., for plaintiff-appellee.
 Bruce D. Rasmussen, Kevin W. Ryan, Michie, Hamlett, Lowry, Rasmussen & Tweel, P.C., Charlottesville, Va., on the brief, for defendants-appellants.
 Nathan H. Smith, Sands, Anderson, Marks & Miller, Richmond, Va., on the brief, for plaintiff-appellee.
 Before MURNAGHAN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 CHAPMAN, Circuit Judge:
 
 
 1
 Defendants UTF Carriers, Inc. (UTF) and National Union Fire Insurance Company of Pittsburgh, Pa. (National Union), appeal the district court's grant of partial summary judgment in favor of Ryder Truck Rental, Inc. (Ryder), and the denial of their motion for summary judgment in this declaratory judgment action. Ryder Truck Rental Co. v. UTF Carriers, Inc., 719 F.Supp. 455 (W.D.Va.1989). The district court ruled that UTF, as lessee, was solely liable to members of the public for any injuries caused by the negligent operation of a tractor-trailer on November 11, 1987, when it was being operated by a driver supplied by Ryder, the lessor, pursuant to Interstate Commerce Commission (ICC) regulations. The court also ruled that UTF was required to provide liability insurance and a defense to any action arising from the operation of the truck on said date and that Ryder was liable only for the first $1,000 of loss under an indemnity clause in the contractor operating agreement. We affirm solely on the latter reasoning and without consideration of the ICC regulations.
 
 
 2
 * In June 1982, Saunders Leasing System, Inc. (Saunders) entered into a contractor operating agreement (Agreement) with UTF, which designated Saunders as contractor and UTF as carrier. The Agreement specified that Saunders would lease tractor units and drivers to UTF, who would in turn provide the trailers to be pulled by the leased tractors. In October 1986, Saunders merged into Ryder. As successor in interest, Ryder is referred to as the sole plaintiff.
 
 
 3
 In November 1986, UTF dispatched Norwin Darthard from Linwood, North Carolina, to Scottsville, Virginia. During this trip, Darthard was involved in an accident with Andrew Johnson. Darthard was hired by Ryder and was leased to UTF together with the tractor unit of the tractor-trailer that he was driving at the time of the accident. Johnson filed suit in state court against UTF and Norwin Darthard for his injuries. UTF removed the action to federal court and served a third-party complaint upon Ryder. Johnson's complaint was dismissed pursuant to settlement. However, a separate declaratory judgment action between plaintiff Ryder and defendants UTF and National Union remained. In that action, which is the subject of this appeal, the district court was requested to decide the issue of liability between Ryder and UTF under the Agreement for any injuries to Johnson caused by Darthard's alleged negligence.
 
 
 4
 The Agreement between UTF and Ryder required UTF to maintain, at its expense, liability insurance for any injuries to the general public which occurred during a "trip." The district court found that UTF was required to provide insurance in this case, which UTF does not contest. The district court also held that the ICC regulations burden the carrier-lessee with exclusive liability and do not permit joint liability with the lessor, Ryder. Although UTF urges this court to reverse that holding, we do not reach it. Instead, we affirm on the grounds that the indemnity clause in the Agreement, which obligates Ryder to indemnify UTF only for the first $1,000 of any damages that UTF must pay, defines the complete liability owed by Ryder.
 
 II
 
 5
 The Interstate Commerce Commission has promulgated regulations concerning possession and responsibility of equipment operated by interstate carriers, which require the authorized carrier lessee, in this case UTF, to "assume complete responsibility for the operation of the equipment for the duration of the lease." 49 C.F.R. Sec. 1057.12(c) (1989). The district court held that this language, as well as language in Proctor v. Colonial Refrigerated Transp., Inc., 494 F.2d 89 (4th Cir.1974), precludes shared liability between the carrier lessee, UTF, and the lessor, Ryder. In Proctor, which involved a suit by an injured passenger against the lessee, this court noted that the lessee bears "full responsibility" for injuries to the public. 494 F.2d at 91. Both Proctor and the ICC regulations are directed to ensuring that injured parties are financially protected by the lessee. Because of the clear language of the contractor operating agreement, it is not necessary for us to decide whether the ICC regulations prohibit shared liability between the lessee and lessor.
 
 
 6
 The indemnification clause in the Agreement clearly limited Ryder's liability to $1,000. Paragraph 10 of the Agreement requires that UTF
 
 
 7
 shall maintain at its own expense public liability, property damage and cargo insurance coverage as concerns shippers and the general public; however, [Ryder] shall indemnify and be liable to [UTF] for the first Five Hundred Dollars ($500.00) of any loss or damage to third persons and for the first Five Hundred Dollars ($500.00) of any loss or damage to property, including any trailers furnished by [UTF], which results from the operations of [Ryder] its agents or employees.
 
 
 8
 The limits of indemnification were later raised to $1,000. An addendum requires UTF to name Ryder as an additional insured on the liability insurance policies. Paragraph 18 of the Agreement indicates that the Agreement "constitutes the entire agreement and understanding between the parties."
 
 
 9
 Appellant UTF argues that Paragraph 10 is ambiguous and does not address Ryder's additional liability under the common law. We disagree. The primary, if not the sole purpose of this unambiguous language is to allocate liability between the parties. Appellant cites no authority, and we have discovered none, in which a contractual clause allocating responsibility and clearly limiting the lessor's liability was disregarded in favor of broader liability under the common law. To the contrary, it is clear that contractual clauses allocating liability are generally to be upheld. Where the lessor has agreed to indemnify the lessee, the courts will not alter that agreement, "so long as the lessee does not absolve itself from the duties to the public and to shippers imposed on it by the Commission's regulations." Transamerican Freight Lines, Inc. v. Brada Miller Freight Systems, Inc., 423 U.S. 28, 40, 96 S.Ct. 229, 235, 46 L.Ed.2d 169 (1975).
 
 
 10
 The language of the indemnification clause is clear and unambiguous, and it does not violate the policies of the ICC regulations. Accordingly, we affirm the judgment of the district court because the indemnity clause limits Ryder's liability to UTF to a total of $1,000 for injuries to Andrew Johnson resulting from Darthard's alleged negligence.
 
 
 11
 AFFIRMED.